IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:21-CV-2847-G-BH |
| | § | |
| 204S6TH LLC and | § | |
| JBD COMPANY LLC, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the plaintiff's two *Motion[s] for Default Judgment*, filed January 27, 2022 (docs. 13, 15). Based on the relevant filings and applicable law, the motion for default judgment against 204S6TH LLC (doc. 15) should be **GRANTED in part** and **DENIED in part**, the motion for default judgment against JBD Company LLC (doc. 13) should be **DENIED**, and the claims against JBD Company LLC should be **DISMISSED** *sua sponte*.

## I. BACKGROUND

Joe Hunsinger (Plaintiff) brings this action against 204S6TH LLC (204S6TH) and JBD Company LLC (JBD)[2] (Defendants), for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c), and Texas Business and Commerce Code § 305.053, as well as invasion of privacy by intrusion upon seclusion. (doc. 3 at 18-20.)[3]

Plaintiff alleges that his cellular number was "primarily used for personal, family, and household use" and was on the National Do Not Call (DNC) Registry. (*Id.* at 10-11.) From between

---

[1]Under *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]Plaintiff identifies this defendant as "JBD Company LLC," but it is identified as "JDB Company LLC" on the certificate of formation document attached to the complaint. (*See* doc. 3 at 27-28.)

[3]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

July 20, 2021 and July 24, 2021, Defendants or their agents initiated ten non-emergency calls to his cell phone without his consent. (*Id.* at 10.) The caller wanted to purchase real property from him but did not provide a name or identify "the name of the person or entity the call was being made on behalf of." (*Id.* at 10-11.) Plaintiff answered the caller's questions about his property and provided his email address "to find out who was sending the authorized calls." (*Id.* at 10.)

On August 3, 2021, John Bloom (Manager) emailed an agreement to purchase real property (Purchase Agreement) to Plaintiff. (*Id.*) The email, sent from "jdbcompanytx@gmail.com", stated: "Please find attached per our discussion and completed." (*Id.* at 23.) The Purchase Agreement identified "204S6th LLC and/or assigns" as the buyer, and Manager signed the agreement on its behalf. (docs. 14 at 11-19; 11-19 .) Plaintiff replied on August 19, 2021, stating that his phone number was on the DNC Registry and should not have been called in the first place, and he requested that his number be removed from 204S6TH's call list and a copy of its DNC policy be sent to him. (doc. 3 at 10, 24.) Defendants did not send him their DNC policy. (*Id.* at 10.) As reflected in the "Certificate of Formation Limited Liability Company" (Certificate of Formation) filed with the Secretary of State of Texas for each Defendant, Manager is the registered agent and manager for Defendants. (*Id.* at 27-30.)

On November 15, 2021, Plaintiff filed this case against Defendants, alleging that they "initiated or caused to initiate" ten solicitation calls to his cell phone, which was on the DNC Registry, without his prior consent; placed a call to him that did not identify the caller or the entity on whose behalf the call was being made; and failed to provide their DNC policy upon request. (*Id.* at 12, 19.) He contends that this behavior violates 47 U.S.C. § 227(c)(5) of the TCPA and Tex. Bus. & Com. Code § 305.053, and he seeks statutory damages of $500 for each phone call and each

TCPA regulation violation and injunctive relief. (*Id.* at 19.)  He also contends that he is entitled to treble statutory damages under the TCPA and Texas Business and Commerce Code because the violations were not accidental, but intentional or knowing. (*Id.*)  He alleges that Defendants' misconduct also constitutes an intrusion on his "solitude, seclusion, and private affairs," and he seeks to recover "punitive and actual damages, including his damages for mental anguish." (*Id.* at 20.)

Summonses were issued for Defendants on the same day the complaint was filed, and they were served on November 24, 2021. (*See* docs. 5, 7.)  Neither responded, Plaintiff sought entry of default as both on December 23, 2021, and default was entered the following day. (*See* docs. 8-12.) He now moves for default judgment. (*See* docs. 13-16.)

## II.  MOTION FOR DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.  Here, because Defendants have failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on them, the first two requisites for a default judgment have been met. (*See* docs. 8-12.)  Remaining for determination is whether a default judgment is warranted.

3

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)).   "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).   Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).   "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).   In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate.  *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A. **Procedural Requirements**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998).  The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks the total amount of $248,072 from Defendants, consisting of (a) $22,500 in statutory damages for TCPA violations, (b) $225,000 in punitive damages for invasion of privacy, and (c) $572 in court costs, as well as a permanent injunction prohibiting future TCPA violations. (*See* docs. 13 at 6; 15 at 6.)  He provides his own affidavits, as well as copies of the DNC Registry verification email, the August 3, 2021 email from Manager, the Purchase Agreement, the August 19, 2021 email requesting Defendants' DNC policy, a screenshot of calls to his cell phone, and the Certificates of Formation for Defendants. (*See* docs. 14, 16.)

Under the first factor, although the total amount requested could be considered substantial, that "is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11,

2016).  Regarding the second factor, there are no material issues of fact in dispute, as Defendants have failed to file any responsive pleadings in this case.  *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").  Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt).  Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Defendants have received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default judgment.'") (citations omitted).  The seventh, eighth, and ninth factors similarly favor default judgment because Defendants have not offered any evidence that their failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893.

Because Defendants were properly served in this action and failed to answer or otherwise defend themselves, the grounds for default judgment are clearly established. (*See* docs. 7, 12.) Accordingly, the procedural prerequisites for a default judgment are satisfied.  *See Ramsey*, 2016 WL 1701966, at *3.

**B.**     **Entitlement to Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016).  In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

### 1.      *Claims Against 204S6TH*

Plaintiff asserts claims against 204S6TH for violations of § 227(c)(5) of the TCPA and Tex. Bus. & Com. Code § 305.053, and invasion of privacy by intrusion upon seclusion. (doc. 3 at 18-20.)

### a.      *47 U.S.C. § 227(c)(5)*

Section 227(c)(5) of the TCPA allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection."  These prescribed regulations are

found, in part, in 47 C.F.R. § 64.1200.

        (i)       47 C.F.R. § 64.1200(a)(1)(iii)

Plaintiff alleges that 204S6TH violated § 64.1200(a)(1)(iii) by transmitting "ten solicitation calls to [his] cellular phone number." (doc. 3 at 18.)

47 C.F.R. § 64.1200(a)(1)(iii) prohibits any person or entity from using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice to call any cellular telephone number absent emergency purposes or the prior express consent of the called party. The TCPA defines an ATDS as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," and to dial such numbers. 47 U.S.C. § 227(a)(1).

Plaintiff has failed to allege sufficient facts to state a claim under § 227(c) for violations of § 64.1200(a)(1)(iii) because the complaint does not include any allegations that his phone number was called using an ATDS or an artificial or prerecorded voice. While the complaint generally alleges that Defendants have the burden to prove they had Plaintiff's express consent to call him using an ATDS, there are no allegations that an ATDS was used to call his phone number. (doc. 3 at 12.) "Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017). Plaintiff has not provided a sufficient basis in the pleadings for a default judgment on his TCPA claim under § 64.1200(a)(1)(iii) because his pleadings fail to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" at best. *See Wooten*, 788 F.3d at 497. Plaintiff's motion for default judgment on the § 64.1200(a)(1)(iii) claim should be denied.

        (ii)      47 C.F.R. § 64.1200(c)(2)

Plaintiff alleges that 204S6TH transmitted "ten solicitation calls to [his] cellular phone number, which was on the [DNC Registry]," and without his prior consent in violation of § 64.1200(c)(2). (doc. 3 at 18.)

47 C.F.R. § 64.1200(c)(2) prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has his or her telephone number on the DNC Registry. This regulation applies to telephone solicitations or telemarketing calls made to wireless telephone numbers. *See* § 64.1200(e).

Here, Plaintiff alleges that he received ten solicitation calls on his cell number from Defendants or their agents that were placed without his consent and without an emergency purpose. (doc. 3 at 12.) It alleges that the call was made on behalf of 204S6TH to seek to purchase real property from him. (*Id.* at 10-11.) It also alleges that Plaintiff's cell number is primarily used for "personal, family, and household use" and is on the DNC Registry. (*Id.* at 6, 11.) Attached to the complaint and motion for default judgment are copies of the DNC Registry verification email for Plaintiff's phone number, the August 3, 2021 email from Manager to Plaintiff, a screenshot identifying the date, time, and phone number for ten separate calls that were placed by 204S6TH to his cell phone between July 20, 2021 and July 24, 2021, and the Certificate of Formation filed for 204S6TH. (*See* docs. 3 at 22-23, 25-26, 29-30; 16 at 7-10, 20-21.)  Attached to the motion for default judgment are Plaintiff's affidavit and a copy of the Purchase Agreement. (*See* doc. 16 at 1-3, 11-19.)

Plaintiff has alleged sufficient facts to state a claim under § 227(c) for violations of § 64.1200(c)(2). He alleges that 204S6TH made calls to his cellular number, which was primarily used for household purposes and was on the DNC Registry, for solicitation without his prior express

9

consent, and he additionally specified the frequency and times of the calls and the reasons for his contention that it was 204S6TH who called him. His pleadings "present sufficient factual context to notify [204S6TH] of the conduct charged." *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) (denying motion to dismiss under Rule 12(b)(6) for claims under the TCPA). Plaintiff has provided a sufficient basis in the pleadings for a default judgment on his TCPA claim against 204S6TH for violations of § 64.1200(c)(2).

(iii)    47 C.F.R. § 64.1200(d)

Plaintiff alleges that Defendant initiated calls to his phone number in violation of 47 C.F.R. § 64.1200(d). (doc. 3 at 18.)

"[47 C.F.R. § 64.1200(d)] relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *Bailey v. Domino's Pizza, LLC*, 867 F. Supp.2d 835, 842 (E.D. La. 2012). Relevant here, § 64.1200(d) requires entities making calls for telemarketing purposes have "a written policy, available upon demand, for maintaining a do-not-call list," and that "any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *See* 47 C.F.R. §§ 64.1200(d)(1), (4). This regulation also applies to wireless telephone numbers. *Id.* § 64.1200(e).

Here, the complaint alleges that the caller who called his number did not identify him or herself "and did not identify the name of the person or entity the call was being made on behalf of."(doc. 3 at 11.) It also alleges that Plaintiff requested 204S6TH's DNC policy but it was not sent to him. (*Id.* at 10.) Attached to the complaint and motion for default judgment is the August 19, 2021 email from Plaintiff to Manager requesting a copy of the DNC policy. (docs. 3 at 24; 16 at 22.)

10

Plaintiff has alleged sufficient facts to state a claim under § 227(c) for violations of § 64.1200(d). He alleges that 204S6TH initiated the solicitation call to his cell number and did not identify it or the caller in violation of § 64.1200(d)(4), and that it failed to provide him its DNC policy upon request in violation of § 64.1200(d)(1). (doc. 3 at 10-11.)  He has provided a sufficient basis in the pleadings for a default judgment on his TCPA claim against 204S6TH for violations of § 64.1200(d).

> b.    *Section 305.053 of the Texas Business and Commerce Code*

Plaintiff also alleges that 204S6TH's conduct violated § 305.053 of the Texas Business and Commerce Code. (doc. 3 at 19-20.)

Under Tex. Bus. & Com. Code § 305.053, a "person who receives a communication that violates [the TCPA] ... may bring an action in this state against the person who originates the communication."  The elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).  "By establishing a violation under 47 U.S.C. § 227, a party has also established a violation under the related statute in the Texas Business and Commerce Code." *Cunningham v. Arco Media Inc.*, No. 4:19-CV-00901-RWS-CAN, 2020 WL 2310021, at *3 (E.D. Tex. Apr. 3, 2020), *adopted by* 2020 WL 2306589 (E.D. Tex. May 8, 2020) (citations omitted).

As discussed, Plaintiff has alleged sufficient facts to establish default judgment on his TCPA claims against 204S6TH.  Accordingly, he has also provided a sufficient basis in the pleadings for recovering against 204S6TH for violating § 305.053. *See Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *10 (W.D. Tex. Nov. 17, 2021) (quotation omitted) ("Where a plaintiff's 'underlying (federal) TCPA section 227(b) claims are cognizable, [a]

11

[p]laintiff's state TCPA claim[s] under § 305.053 are as well.'"").

    *c.*  *Invasion of Privacy*

  Plaintiff appears to assert a common law claim for invasion of privacy by intrusion upon seclusion against 204S6TH. (doc. 3 at 20.)

  Texas law[4] recognizes multiple forms of invasion of privacy, each with separate elements. *Crain v. Hearst Corp.*, 878 S.W.2d 577, 579-80 (Tex. 1994). There are "three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness." *James v. Dallas Police Dep't*, No. 3:12-CV-457-N-BN, 2013 WL 607154, at *4 (N.D. Tex. Feb. 4, 2013), *adopted by* 2013 WL 607153 (N.D. Tex. Feb. 19, 2013) (citing *id.* 578).  The elements of an intrusion upon seclusion claim are: "(1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the person suffered an injury." *Baugh v. Fleming*, No. 03-08-00321-CV, 2009 WL 5149928, at *1 (Tex. App.—Austin 2009, no pet.). There cannot be an "intrusion" where there is no legitimate expectation of privacy, however. *Smith v. Methodist Hospitals of Dallas*, No. 3:07-CV-1230-P, 2008 WL 5336342, at *6 (N.D. Tex. Dec. 19, 2008) (citing *Vaughn v. Drenno*, 202 S.W.3d 308, 320 (Tex. App.—Tyler 2006, no pet.)). "Usually an action for intrusion upon one's seclusion is found only when there has been a physical invasion of a person's property or ... eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *Graham v. JPMorgan Case Bank, Nat. Ass'n*, No. 4:13-CV-1410, 2015

---

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the alleged facts underlying Plaintiff's complaint appear to derive from conduct that occurred in, or were directed to, the State of Texas. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

WL 4431199, at *12 (S.D. Tex. July 15, 2015) (quotations omitted) (quoting *Ross v. Midwest Commc'ns, Inc.*, 870 F.2d 271, 273 (5th Cir. 1989)). "To be actionable, the intrusion must be highly offensive meaning that it must be unreasonable, unjustified, or unwarranted." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 816 (S.D. Tex. 2014).

Plaintiff generally alleges that Defendants "intentionally intruded on [his] solitude, seclusion, and private affairs by transmitting unsolicited telemarketing calls to his cellular phone." (doc. 3 at 20.) He has not sufficiently alleged facts to demonstrate that 204S6TH intentionally intruded upon his privacy in such a way that would be highly offensive to a reasonable person, however. *See Cherkaoui*, 32 F. Supp. 3d at 816. Moreover, there are no factual allegations of a physical intrusion into his seclusion or any act of eavesdropping. *See Graham*, 2015 WL 4431199, at *12. Plaintiff has therefore failed to provide a sufficient basis in his pleadings for a default judgment on his invasion of privacy claim. *See Cunningham v. Professional Educ. Inst., Inc.*, No. 4:17-CV-894, 2018 WL 6709515, at *6 (E.D. Tex. Nov. 5, 2018), *adopted by* 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) (finding allegations of unwanted robocalls and invocation of "right to be left alone" insufficient for pleading an intrusion on seclusion claim).

### 2. *Claims Against JDB*

Plaintiff also asserts claims against JDB under § 227(c)(5) of the TCPA and Tex. Bus. & Com. Code § 305.053, and for invasion of privacy by intrusion upon seclusion. (doc. 3 at 18-20.)

The complaint generally alleges that Defendants "initiated or caused to initiate illegal calls to Plaintiff" in violation of the TCPA, and that they "intentionally intruded on [his] solitude, seclusion, and private affairs by transmitting unsolicited telemarketing calls to his cellular phone." (doc. 3 at 12, 20.) It also alleges that Defendants acted through their agents and are "liable for such

actions pursuant of vicarious liability principles." (*Id.* at 7.)  As discussed, Plaintiff provides copies of the August 3, 2021 email from Manager, the Purchase Agreement, and the Certificates of Formation for Defendants. (*See* docs. 3 at 23, 27-30; 14 at 10-21.)

The complaint alleges no facts to enable a court to draw the reasonable interference that JDB is liable, as there are no facts indicating that JDB was associated with the calls to his cellular number.  Notably, most of the allegations in the complaint are highly generalized and not directed at a specific defendant. *See Nat'l United*, 2021 WL 5393829, at *4 ("General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant.").  Other than the conclusory allegation that Defendants are liable under "vicarious liability principles," the complaint fails to specify any allegations sufficient to draw a reasonable inference that any relationship existed between the caller and JDB (or between JDB and 204S6TH), or that any calls made to his phone number were made on or behalf of JDB.

While the email from Manager referencing the phone call to Plaintiff and the Purchase Agreement listing 204S6TH as the buyer are facts sufficient to give rise to a reasonable inference that 204S6TH was responsible for the calls to his cell phone, they fail to adequately connect JDB to the calls. (*See* doc. 14 at 10-19.) Even though Manager is listed as the registered agent and manager for Defendants in the Certificates of Formation, and his email address appears to relate to JDB, these facts, without more, cannot lead to a reasonable inference that JDB had any involvement in the alleged misconduct. *See Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 WL 6424792, at *5 (E.D. Tex. Oct. 14, 2018), *adopted by* 2018 WL 6424695 (E.D. Tex. Dec. 5, 2018) (finding allegations that a call made on behalf of defendant was by

someone who was the corporate officer for both defendants was insufficient to plead default for a TCPA violation against the other defendant, when there were no allegations that the caller made any calls on behalf of that defendant).  Accordingly, Plaintiff has not established a factual basis that any calls made to his cell phone were made by or on behalf of JDB, and his motion for default judgment against it should be denied.  Because Plaintiff has failed to plead adequate facts linking JDB with the alleged misconduct, his claims against JDB should be *sua sponte* dismissed for failure to state a claim.[5] *See Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (dismissing TCPA claim where the complaint contained no facts "indicating that *this* Defendant is responsible for the calls received by Plaintiff") (emphasis original).

## C.   **Entitlement to Remedies**

Plaintiff's motion for default judgment seeks to recover statutory damages of $1,500 per call and violation of the TCPA, as well as injunctive relief. (doc. 15 at 4-5.)

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975).  Damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits; a hearing is unnecessary, however, if the amount of damages can be determined with a mathematical calculation by reference to the pleadings and supporting documents. *See James*, 6 F.3d at 310.  The plaintiff has the burden to provide an

---

[5]A district court may *sua sponte* dismiss a claim for failure to state a claim, as long as the plaintiff has notice of the court's intention and an opportunity to be heard. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp.2d 786, 808 (N.D. Tex. 2014). The fourteen-day time frame for objecting to a recommended dismissal provides the requisite notice and opportunity. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008).

evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013). Because Plaintiff has provided a sufficient basis in the pleadings for a default judgment against 204S6TH on his claim under § 227(c) of the TCPA, remaining for determination is whether the relief requested is appropriate based on governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009).

      *1.     Statutory Damages*

      When a plaintiff succeeds on a TCPA claim, he can recover the greater of actual damages or $500 for each violation of the regulations. 47 U.S.C. § 227(c)(5). The TCPA further states that if it is determined that the defendant willfully or knowingly violated the TCPA, a court may, in its discretion, increase the award to an amount equal to not more than three times the amount available ($500.00) under 47 U.S.C. § 227(c)(5)(B). *Id.* The TCPA "anticipates damages on an individual basis because the contemplated plaintiff is an individual natural person or business with a limited number of phone lines on which it might receive telemarketing calls." *MCI Commc'ns Servs., Inc. v. 1st United Telecom, Inc.*, No. 3:10-CV-2255-B, 2012 WL 12884830, at *3 (N.D. Tex. Nov. 15, 2012) (quoting *Cellco P'ship v. Wilcrest Health Care Mgmt. Inc.*, No. 09-3534 (MLC), 2012 WL 1638056, *9 (D.N.J. May 8, 2012)).

      *a.     Number of Violations*

      In his motion for default judgment against 204S6TH, Plaintiff contends that he is entitled to $6,000 in statutory damages, consisting of $500 per violation under § 227(c) for each of the "ten solicitation call[s]" in violation of § 64.1200(c)(2); for the call to him that did not identify the caller or entity being called on behalf of in violation of § 64.1200(d)(4); and for failing to provide the DNC

policy upon request in violation of § 64.1200(d)(1). (*See* doc. 15 at 4.) His complaint alleges that 204S6TH initiated ten calls to his cell phone, that the caller did not self identify or identify the entity on whose behalf the call was made, and that 204S6TH did not send its DNC policy after his request. (doc. 3 at 10.) Attached to his complaint and motion are, among other things, screenshots identifying the date, time, and phone number for ten separate calls that were placed by 204S6TH to his cell phone and his August 19, 2021 email to 204S6TH requesting a copy of its DNC policy. (docs. 3 at 24-26; 16 at 8-9, 22.)

Courts that have similarly awarded default judgments for TCPA claims have determined the number of phone calls based upon the allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's phone showing the alleged violations. *See Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017) (issuing default judgment in the amount of $24,000.00 on a TCPA claim because "[b]ased on the screenshots from [p]laintiff's phone, [d]efendant committed 48 separate violations"); *see also Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *4 (E.D. Tex. Feb. 3, 2012) (issuing default judgment for two violations of the TCPA because "the plaintiff's complaint, taken as true, establishes that the defendant violated the TCPA on two separate occasions when they contacted him via his cellular phone on March 18, 2011, and March 22, 2011"). Based upon his default motion, affidavit, and complaint, Plaintiff has shown that 204S6TH is liable for 12 violations of § 227(c) of the TCPA, requiring a minimum award of $6,000. *See Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011) (awarding $500.00 per violation of the TCPA, even though it was "out of all proportion to whatever minimal harm [the plaintiff] may have suffered due to [the defendant's] conduct"); *see also John Perez Graphics & Design, LLC*, 2013 WL 1828671, at *3

17

("Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.").

While it is true that the statutory damages in this case are neither liquidated nor capable of mathematical calculation, it is not necessary for the court to hold a hearing as long as it ensures there is a basis for the damages specified in a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Because the amount of the judgment can be reliably computed from the record, no hearing is necessary. *See James*, 6 F.3d at 310 (stating that the court relied on affidavits, documentary evidence, and the judge's personal knowledge of the record). Accordingly, Plaintiff should be awarded $500 per violation of the TCPA under § 227(c), and 204S6TH should be ordered to pay the total amount of $6,000 in statutory damages to him.

      *b.*    *Treble Damages*

Plaintiff additionally contends that he is entitled to treble damages because the TCPA violations by 204S6TH were made "intentionally and knowingly." (doc. 15 at 4-5.)

Under the TCPA and the Texas Business and Commercial Code, a court may in its discretion award double or even treble damages for any "willful or knowing" violations of § 227(c). *See* 47 U.S.C. § 227(c)(5); Tex. Bus. & Com. Code § 305.053(c). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015) ("[Defendant] had knowledge through its agent that [plaintiff] did not consent to further robo-calls[,] and [t]herefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate.").

18

Apart from his conclusory allegation that 204S6TH intentionally or knowingly violated the TCPA when it made calls to his cell phone, Plaintiff has failed to identify why 204S6TH had a reason to know, or should have known, that its conduct would violate the statute, or that its conduct was "more than negligent." *Adamcik*, 832 F. Supp. 2d at 754-55 (refusing to award treble damages because "there was no evidence [the defendant] knowingly disregarded [the plaintiff's] revocation of consent, nor was there any evidence [the defendant] knew or should have known it was violating the TCPA"). There are no allegations in the complaint or the default judgment motion regarding 204S6TH's knowledge or intent in its TCPA violations; specifically, there are no allegations that 204S6TH made any calls after being notified that it was violating the TCPA. *See Arredondo*, 2017 WL 7796192, at *2 (denying treble damages upon default judgment for a TCPA claim "because the pleadings and evidence do not offer a sufficient indication of when [d]efendant's sending of text messages could have become willful and knowing"). Plaintiff has failed to show that he is entitled to treble damages under the TCPA.

### 2.      *Permanent Injunction*

Plaintiff seeks an order "permanently enjoining [204S6TH] and its agents from future violations of" § 227(c). (doc. 15 at 5.)

Injunctive relief is available under the TCPA and the Texas Business and Commercial Code. *See* 47 U.S.C. § 227(c)(5)(A); Tex. Bus. & Com. Code § 305.053(a). Permanent injunctions are extraordinary remedies not lightly given. *Posada v. Lamb Cty., Tex.*, 716 F.2d 1066, 1070 (5th Cir. 1983). A permanent injunction is appropriate if a plaintiff can prove: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest. *See Playboy*

*Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 561 (N.D. Tex. 1997), *aff'd by* 168 F.3d 486 (5th Cir. 1999) (citations omitted).   Whether to grant an injunction, and the proper scope of any injunctive relief, is committed to the sound discretion of the court. *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126-27 (5th Cir. 1966); *see also Grand Time Corp. v. Watch Factory Corp.*, No. 3:08-CV-1770-K, 2011 WL 2412960, at *9 (N.D. Tex. June 10, 2011). Because the ultimate purpose of an injunction is to prevent future harm, "a petitioner must show a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner." *Posada*, 716 F.2d at 1070.

Here, the complaint seeks an order "permanently enjoining [204S6TH] and its agents from engaging in any further conduct with respect to Plaintiff which violates the rules and regulations of" § 227(c). (doc. 3 at 19.)  It does not allege facts to show a realistic likelihood of a future TCPA violation by 204S6TH, however. *See Posada*, 716 F.2d at 1070. There are no allegations that Plaintiff has received a call from it since his August 19, 2021 email requesting his number be removed from its calling list. *See Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *6 (S.D. Tex. Apr. 24, 2019), *adopted by* 2019 WL 2103423 (S.D. Tex. May 14, 2019) ("With no imminent threat of repeated violations of the TCPA and/or Section 305.053, the Court sees little reason to invoke its equitable powers and impose permanent injunctive relief."). Accordingly, Plaintiffs' request for a permanent injunction is not appropriate and should be denied. *See Internal Med. Rural Health Clinic of New Albany, P.A. v. Langmas Grp., Inc.*, No. 3:18-CV-00192-GHD-RP, 2019 WL 1905165, at *1 (N.D. Miss. Apr. 26, 2019) (finding plaintiff was not entitled to default judgment for injunctive relief under the TCPA because the allegations "establish[ed] neither a

likelihood of future harm nor the inadequacy of its remedy at law").[6]

## III. RECOMMENDATION

Plaintiff's motion for default judgment against 204S6TH LLC (doc. 15) should be **GRANTED in part** and **DENIED in part**, and he should be awarded $6,000 in statutory damages under the Telephone Consumer Protection Act. The motion for default judgment against JDB Company LLC (doc. 13) should be **DENIED**, and the case against JDB Company LLC should be **DISMISSED** *sua sponte* for failure to state a claim.

**SO RECOMMENDED** on this 23rd day of March, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]Plaintiff's motion for default judgment also requests $572 in court costs, but he did not request this relief in his complaint. (*See* doc. 15 at 6.)

21